I respectfully dissent from the majority opinion herein for the following reasons. The majority found that the part-time job Plaintiff found on his own through a friend established "that Plaintiff's incapacity for work resulting from his work-related injury is partial, and that the job at Speedy Car Wash is suitable." Based on this reasoning, the majority awarded Plaintiff temporary partial disability compensation under N.C. Gen. Stat. § 97-30 which will end in approximately 80 weeks whether or not he is still disabled. I disagree with the determination of the majority on this issue.
I am of the opinion that the part-time job which Plaintiff obtained by virtue of his friendship with the owner of the Speedy Car Wash and allows him to work four hours per day, to come and go as he pleases throughout the work day, accommodates his need to arrive late and leave early at times and to only work when his condition permits and only within his physical restrictions, is not indicative of Plaintiff's wage-earning capacity in the competitive job market. The majority appears to have given great weight to the fact that the job duties fit within the parameters of Plaintiff's physical restrictions and that Plaintiff's father, who worked at the same car wash, was also allowed flexibility with his schedule. However, the test for suitable employment as set forth inPeoples v. Cone Mills Corp.,316 N.C. 426, 438, 342 S.E.2d 798, 806 (1986) has not been met in this case.
In Peoples, the Supreme Court of North Carolina held that: *Page 12 
 [i]f the proffered employment does not accurately reflect the person's ability to compete with others for wages, it cannot be considered evidence of earning capacity. Proffered employment would not accurately reflect earning capacity if other employers would not hire the employee with the employee's limitations at a comparable wage level. The same is true if the proffered employment is so modified because of the employee's limitations that it is not ordinarily available in the competitive job market. Peoples v. Cone Mills Corp., 316 N.C. 426, 438, 342 S.E.2d 798, 806 (1986).
Plaintiff was given the part time job at a self-service car wash called Speedy Car Wash by his friend. Plaintiff testified that as of the date of hearing on October 24, 2008 he was still having constant pain at a level of 5-6 on a 10-point scale. He was taking Percocet, Lyrica, Cymbalta and Tramadol, and he used Lidoderm inflector patches. Plaintiff works four hours per day and because of his physical limitations related to his RSD he is allowed to work on his own terms. Plaintiff works at two locations. He testified that he is suppose to go to the carwash once a day, normally at 7:30 in the morning, but "if I can't, I'll call Pawpaw, and he'll come up here and do it, or we'll just basically skip a day." Sometimes, due to flare-ups of his RSD, Plaintiff is not able to get to work until one o'clock in the afternoon. Also, there are numerous duties of his job at Speedy Car Wash that Plaintiff cannot do as a result of his RSD. Plaintiff testified that his job has been modified to fit his needs and "Pawpaw kind of gives me special privileges." Plaintiff's friend, Ralph West, (to whom Plaintiff refers to as Pawpaw) testified that plaintiff came to work for him because "he wanted to make some extra money." He further testified, "This has never been a full-time position because it just isn't that much work."
Plaintiff's employment at Speedy Car Wash is so modified because of Plaintiff's limitations that it is not ordinarily available in the competitive job market. Proffered employment resulting from the largess of an employer and not based on the employee's own ability to compete in the labor market is not indicative of wage earning capacity. Peoples v. *Page 13 Cone Mills Corp., supra. Further, in Clayton v. MiniData Forms, Inc., the North Carolina Court of Appeals Plaintiff's part-time employment was not suitable and did not establish wage-earning capacity. Clayton v. Mini Data Forms,Inc., ___ N.C. App. ___, 681 S.E. 2d 544 (2009).
Plaintiff has reached maximum medical improvement and has established that he is disabled from working in his previous employment with Caldwell County Sheriff's Department, or in any other type of law enforcement job as a result of his compensable injury. Plaintiff has also established that his physical restrictions and the medications he takes for his compensable injury limit his ability to function on a consistent basis in even the part time job that he currently works. Defendants have not provided vocational rehabilitation assistance. Therefore, Plaintiff has established that he is temporarily totally disabled and that he is entitled to benefits under N.C. Gen. Stat. § 97-29. Defendants may still be granted an offset or reduction in compensation owed for wages actually earned while Plaintiff is receiving temporary total disability compensation.
For the reasons discussed above, I dissent.
This the 12th day of July 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1